UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY RAY PRICE,<br><br>                Plaintiff,<br><br>    v.<br><br>LAKES CROSSING, *et al.*,<br><br>                Defendants. | Case No. 3:25-CV-00472-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF Nos. 1, 5, 6] |

Before the Court is Plaintiff Anthony Ray Price's ("Price") application to proceed *in forma pauperis*, (ECF No. 1), civil rights complaint, (ECF No. 1-1), motion to obtain financial relief, (ECF No. 5), and motion for prosecutorial misconduct, (ECF No. 6). For the reasons stated below, the Court recommends that Price's *in forma pauperis* application, (ECF No. 1), motion to obtain financial relief, (ECF No. 5), and motion for prosecutorial misconduct, (ECF No. 6), be denied as moot and his complaint, (ECF No. 1-1), be dismissed without prejudice and without leave to amend.

I.    ***IN FORMA PAUPERIS*** **APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed

---

[1]     This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Price cannot pay the filing fee. However, because the Court recommends that the complaint be dismissed, the Court recommends that the motion to proceed IFP, (ECF No. 1), be denied as moot.

## II.     SCREENING STANDARD

Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6).

*See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

### III.    SCREENING OF COMPLAINT

In his complaint, Price sues Darin Balaam, Washoe County Sheriff, Jennifer Rains, Chief Attorney for Washoe County Detention Center, and Doe Defendants who either work at the Washoe County Detention Facility or the Lakes Crossing Center under 42

U.S.C. § 1983. (*See* ECF No. 1-1.)  His complaint states that he is currently a pretrial detainee currently housed at the Washoe County Detention Facility ("WCDF"). (*Id.* at 1-2.) Price alleges that on August 10, 2023, the Second Judicial District Court for the State of Nevada found him to be incompetent to stand trial and ordered that he be sent to receive competency treatment at Lakes Crossing Center. (*Id.* at 2.) However, Price was not transported to Lakes Crossing. (*Id.*) In November 2023, the state court held another hearing wherein Price was found to be competent to stand trial. (*Id.*) Price alleges that this was due to allegations of malingering by WCDF staff. (*Id.*) Price then alleges he subsequently he filed a writ of mandamus challenging the state court's decision to find him competent, which was granted by the Nevada Supreme Court on April 17, 2025. (*Id.*) Price alleges that the Nevada Supreme Court ordered that he be transported to Lakes Crossing to receive competency treatment within seven days. (*Id.*) However, Price alleges he has not been transported. (*Id.*)

Based on these allegations, it appears Price is asking the Court to intervene in ongoing state proceedings. However, the *Younger* abstention doctrine prevents federal courts from interfering with pending state criminal proceedings even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37 (1971). The Supreme Court has stated that "federal-court abstention is required" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013); *see also Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994) (noting that when a state criminal defendant brings a federal civil rights lawsuit while his criminal charges are pending, abstention is "an appropriate response to the parallel state-court proceedings").

To determine if *Younger* abstention applies, federal courts look to whether the state criminal proceeding is "(1) ongoing, (2) implicate[s] important state interests, and (3) provide[s] an adequate opportunity… to raise constitutional challenges." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1044 (9th Cir. 2019) (internal quotation marks omitted); *see also Younger*, 401 U.S. 37. The Ninth Circuit also requires that "[t]he requested relief must

seek to enjoin—or have the practical effect of enjoining—ongoing state proceedings." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (citing *AmehsourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007)).

First, the Court must determine whether Price's criminal case is ongoing. *Herrera*, 918 F.3d at 1044. In Nevada, "if doubt arises as to the competence of the defendant, the court shall suspend the proceedings, the trial or the pronouncing of the judgment, as the case may be, until the question of competence is determined." NRS 178.405(1). The same is true upon a finding of incompetence. *Turner v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 573 P.3d 1249 (Nev. 2025) (citing NRS 178.425(4)). Price alleges that he was found incompetent, then upon a second hearing found to be competent, followed by an order from the Nevada Supreme Court reversing the competency finding and ordering Price to receive competency treatment. Although not attached to his complaint, the Court identified the Nevada Supreme Court's order granting Price's writ of mandamus. *Price v. Second Jud. Dist. Ct. in & for Cnty. of Washoe*, 567 P.3d 319 (2025). In that order, the Nevada Supreme Court explains that "Petitioner Anthony Price is separately charged with two felonies. On August 10, 2023, both matters were stayed pending a competency determination pursuant to NRS 178.425." *Id.* at 320. Thus, Price's criminal proceedings are currently stayed and are ongoing, satisfying the first requirement for *Younger* abstention.

As to the second requirement for *Younger* abstention, it is clear that Price's state criminal case implicates important state interests. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curium)) (stating that a state has an important interest in passing upon and correcting violations of a defendant's rights in criminal proceedings). Finally, the third *Younger* abstention requirement is satisfied because Price is able to raise constitutional challenges through his state criminal case, as demonstrated by his successful writ of mandamus.

Consequently, the Court finds that the *Younger* abstention doctrine does apply in this case. *Herrera*, 918 F.3d at 1044. Accordingly, the Court recommends that Price's

complaint be dismissed, without prejudice, but without leave to amend.

## IV.    CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Price's application to proceed *in forma pauperis*, (ECF No. 1), motion to obtain financial relief, (ECF No. 5), and motion for prosecutorial misconduct, (ECF No. 6), be denied as moot, and his complaint, (ECF No. 1-1), be dismissed without prejudice and without leave to amend.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.    RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Price's application to proceed *in forma pauperis*, (ECF No. 1), motion to obtain financial relief, (ECF No. 5), and motion for prosecutorial misconduct, (ECF No. 6), be **DENIED AS MOOT**;

**IT IS FURTHER RECOMMENDED** that Price's complaint, (ECF No. 1-1), be **DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**; and,

**IT IS FURTHER RECOMMENDED** that the Clerk of Court **ENTER JUDGMENT** accordingly and **CLOSE** this case.

**DATED**: September 26, 2025.

_____
**UNITED STATES MAGISTRATE JUDGE**