UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY RAY PRICE,<br><br>    Plaintiff,<br>v.<br><br>LAKES CROSSING, *et al.*,<br><br>    Defendants. | Case No.: 3:25-cv-00472-MMD-CLB<br><br>ORDER |

*Pro se* Plaintiff Anthony Ray Price, a pretrial detainee currently housed at the Washoe County Detention Facility ("WCDF"), filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 1), a motion to obtain financial relief (ECF No. 5), a motion for prosecutorial misconduct (ECF No. 6), and a civil rights complaint (ECF No. 1-1 ("Complaint")) under 42 U.S.C. § 1983 against WCDF and Lakes Crossing Center staff. Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 7), recommending the Court (1) deny Price's IFP application (ECF No. 1), motion to obtain financial relief (ECF No. 5), and motion for prosecutorial misconduct (ECF No. 6) as moot, (2) dismiss the Complaint (ECF No. 1-1) without prejudice and without leave to amend, and (3) close this case. (ECF No. 7 at 1, 6.) Because there is no objection, and, as further explained below, the Court adopts the R&R in full.

Because there is no objection, the Court need not conduct de novo review and is satisfied that Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations." (emphasis in original)). First, although Judge Baldwin finds that Price is unable to pay the filing fee under 28 U.S.C. § 1915, she recommends

denying the IFP application as moot in light of her recommendation to dismiss the Complaint, which the Court addresses below. (ECF No. 7 at 1-2.)

Judge Baldwin recommends dismissing Price's Complaint (ECF No. 1-1) without prejudice and without leave to amend, finding that Price improperly seeks federal court intervention in ongoing state criminal proceedings, which is barred under the *Younger* abstention doctrine. (ECF No. 7 at 4); *see Younger v. Harris*, 401 U.S. 37 (1971) (holding that federal courts must abstain from interfering in pending state court proceedings, even where constitutional violations are alleged, absent extraordinary circumstances involving a threat of irreparable harm); *see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982). To determine whether the doctrine applies, the state court proceeding must be "(1) ongoing, (2) implicate important state interests, and (3) provide an adequate opportunity ... to raise constitutional challenges." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1044 (9th Cir. 2019) (internal quotation marks and citations omitted). Here, Price is the subject of ongoing criminal proceedings in state court, which have not reached final adjudication, and the Court has not identified any extraordinary circumstances posing a threat of irreparable harm. (*Id.* at 5.) Moreover, Price's case implicates important state interests, and he is able to raise constitutional challenges as demonstrated by his writ of mandamus challenging the state court's finding as to his competency to stand trial. (*Id.* at 4-5.) Having reviewed the R&R, Judge Baldwin did not clearly err.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 7) is adopted in full.

It is further ordered that Price's Complaint (ECF No. 1-1) is dismissed without prejudice and without leave to amend.

It is further ordered that Price's IFP application (ECF No. 1), motion to obtain financial relief (ECF No. 5), and motion for prosecutorial misconduct (ECF No. 6) are denied as moot.

It is further ordered that the miscellaneous motions filed after the R&R issued (ECF Nos. 9, 10) are denied as moot.

It is further ordered that the Clerk of Court enter judgment accordingly and close this case.

DATED THIS 15th Day of October 2025.

                          MIRANDA M. DU
                          UNITED STATES DISTRICT JUDGE